**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILLIS DAVIS,<br><br>Petitioner,<br><br>v.<br><br>CRAIG KOENING, et al.,<br><br>Respondent. | No. 2:19-CV-2199-WBS-DMC-P<br><br><br><br>ORDER |

      Petitioner, a prisoner proceeding pro se, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254. Before the Court is Petitioner's motion for counsel. ECF No. 17. Petitioner submitted his motion as part of a "motion for rehearing" after Respondent filed a motion to dismiss the petition for a writ of habeas corpus. The Court construes the "motion for rehearing" not as a motion, but as an opposition Respondent's motion to dismiss.

      There is no absolute constitutional right to appointment of counsel in habeas proceedings. See Lawrence v. Florida, 549 U.S. 327, 336–37 (2007); Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). If discovery or an evidentiary hearing is warranted, the Court may appoint counsel. See Fed. R. Governing Section 2254 Cases, Rules 6(a), 8(c). Additionally, the Court may appoint counsel "if the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). "In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the

petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)

Petitioner contends that he requires counsel because he is not trained in the law. ECF No. 17 at 1. The Court is, of course, cognizant of the difficulties of litigating from prison and without a legal education. Based, however, on the record before it, the Court does not find that the interests of justice currently require appointment of counsel. Petitioner has sufficiently articulated his claims for relief. Petitioner coherently alleges that his sentence violates the Eighth Amendment, that he has not been provided a meaningful opportunity for release under California law, and that the California Board of Parole Hearings lacks sufficient records concerning his life history. ECF No. 9. The Court concludes that the legal issues involved in the current petition are not unusually complex. Having not yet ruled on Respondent's motion to dismiss, nor can the Court say that Petitioner has established a particular likelihood of success on the merits of his claims.

Petitioner's motion for appointment of counsel (ECF No. 17) is **DENIED** without prejudice to renewal if the Court denies Respondent's motion to dismiss.

IT IS SO ORDERED.

Dated: January 21, 2021

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

2