# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIS DAVIS, | No. 2:19-CV-2199-WBS-DMC-P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| CRAIG KOENIG, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the Court is Respondent's motion to dismiss.  See ECF No. 16.  Petitioner has filed an opposition.  See ECF No. 17.  Respondent has not filed a reply.  Respondent argues the petition must be dismissed as second or successive.  Respondent also argues Petitioner's claims are either untimely or not cognizable.

///
///
///
///
///
///
///

1

# I. BACKGROUND

## A. State Court

On October 6, 1997, Petitioner, who at the time was a juvenile, was convicted of second-degree murder and sentenced to 15 years to life in state prison. See ECF No. 9, pg. 1. Petitioner did not appeal. See id. Between 2017 and 2019, Petitioner pursued a variety of post-conviction actions in state court, all of which were denied. See ECF No. 16, pgs. 8-236 (Exhibits 1-14).

## B. Federal Court

Petitioner filed a prior federal petition challenging his 1997 juvenile conviction and sentence. See ECF No. 1 in Davis v. San Joaquin Superior Court, E. Dist. Cal. Case. No. 2:18-CV-2264-MCE-KJN; see also ECF No. 16, pgs. 238-74 (Exhibit 15). Petitioner argued his sentence constituted cruel and unusual punishment in violation of the Eighth Amendment and that the state court failed to retroactively apply California's Proposition 57. See id. The Magistrate Judge in the prior case issued findings and recommendations that the respondent's motion to dismiss be granted because Petitioner's Eighth Amendment claim was untimely and without merit and because the Proposition 57 claim was a question of state law that is not cognizable on federal habeas review. See ECF No. 14 (prior case).[1] The District Judge adopted the findings and recommendations in full on August 21, 2019. See ECF No. 18 (prior case); see also ECF No. 16, pgs. 278-79 (Exhibit 17).

Petitioner initiated this action with his original petition, filed on October 29, 2019. See ECF No. 1. The case currently proceeds on the first amended petition, filed on May 9, 2020. See ECF No. 9.

///
///
///
///

---

[1] Though Respondent cites the findings and recommendations in the prior case as Exhibit 16 to his motion to dismiss, nothing is attached at Exhibit 16.

2

## II.  DISCUSSION

In the first amended petition, Petitioner raises three claims:

First Claim   "5th Amend. – Equal Liberty Interest"

Petitioner claims he has not received a meaningful opportunity for release under state law.

Second Claim   "8th Amend. – Excessive Punishment (Disproportionate)"

Petitioner claims his sentence is disproportionate, in violation of the Eighth Amendment.

Third Claim   "14th Amend. – Due Process"

Petitioner claims his due processes rights have been violated because the Board of Parole Hearings does not have sufficient information related to his life history under California's Juvenile Delinquency Act.

ECF No. 9.

In his motion to dismiss, Respondent contends the amended petition must be dismissed because it is second or successive filed without prior authorization from the Ninth Circuit, it is untimely, and it raises claims that are not cognizable.  See ECF No. 16.

### A.   Second or Successive Petition

Under 28 U.S.C. § 2244(b)(1), "[a] claim presented in a second or successive habeas corpus application . . . that was presented in a prior application shall be dismissed." Under § 2244(b)(2), "[a] claim presented in a second or successive habeas corpus application . . . that was not presented in a prior application shall be dismissed. . . ." unless one of two circumstances exist.  Either the newly raised claim must rely on a new rule of constitutional law, or the factual predicate of the new claim could not have been discovered earlier through the exercise of due diligence and the new claim, if proven, establishes actual innocence.  See id. Before a second or successive petition can be filed in the district court, however, the petitioner must first obtain leave of the Court of Appeal.  See 28 U.S.C. § 2244(b)(3).  In the absence of proper authorization from the Court of Appeal, the district court lacks jurisdiction to consider a second or successive petition and must dismiss it.  See Cooper v. Calderon, 274 F.3d 1270 (9th Cir. 2001) (per curiam).

1    A second petition can only be successive of a prior petition which has been
2 decided on the merits. Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008). A decision on the
3 merits occurs if the district court either considers and rejects the claims or determines that the
4 claims will not be considered by a federal court. See Howard v. Lewis, 905 F.2d 1318, 1322-23
5 (9th Cir. 1990). Where a prior petition has been dismissed without prejudice for failure to
6 exhaust state court remedies, the dismissal does not result in an adjudication on the merits
7 because the possibility of returning to court following exhaustion exists and a habeas petition
8 filed in the district court after the initial petition was dismissed is not second or successive. See
9 Slack v. McDaniel, 529 U.S. 473, 485-86 (2000). The dismissal of a petition as untimely,
10 however, does constitute a decision on the merits because such a dismissal is a determination that
11 the claims will not be considered. See McNabb v. Yates, 576 F.3d 1028, 1029-30 (9th Cir.
12 2009). Likewise, the denial of a petition on procedural default grounds is also a determination
13 on the merits. See Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir. 2005) (citing Howard,
14 905 F.2d at 1322-23, and stating that the denial of a petition on procedural default grounds is a
15 determination that the claims will not be considered by the federal court).

16    Here, the prior petition clearly reached a judgment on the merits. Specifically, the
17 claims raised in the prior petition were dismissed as time-barred, without merit, or not cognizable
18 on federal habeas review, all of which constitute merits determinations. Whether the gatekeeping
19 provisions of the statute have been met is a question for the Ninth Circuit Court of Appeals to
20 address in the first instance on an application filed in that court for leave to present a second or
21 successive habeas petition in the district court challenging the same conviction. Because
22 Petitioner has not obtained leave from the Ninth Circuit to file the instant second or successive
23 habeas petition, which challenges the same conviction as the prior action, this Court lacks
24 jurisdiction. The current petition must be dismissed in its entirety for this reason alone.

25    Though Respondent raises a number of arguments relating to various reasons why
26 new claims raised in the current petition should not be allowed, those arguments should first be
27 raised in the Ninth Circuit in opposition to any application filed by Petitioner.
28 / / /

B. **Statute of Limitations**

Federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d). Typically, the statute of limitations will begin to run when the state court judgment becomes final by the conclusion of direct review or expiration of the time to seek direct review. See 28 U.S.C. § 2244(d)(1). If no appeal is filed in the Court of Appeal, the conviction becomes final 60 days after conclusion of proceedings in the state trial court, and the limitations period begins running the following day. See Cal. Rule of Court 8.308(a). Finally, if the conviction became final before April 24, 1996 – the effective date of the statute of limitations – the one-year period begins to run the day after the effective date, or April 25, 1996. See Miles v. Prunty, 187 F.3d 1104, 1105 (9th Cir. 1999).

On the face of the amended petition, Petitioner states that he was convicted in October 1997 (which is after the 1996 effective date of the one-year statute of limitations). Petitioner also states that he did not appeal. Thus, the one-year limitations period began to run 60 days later – in December 1997. Absent state court post-conviction actions filed prior to expiration of the one-year limitations period, Petitioner is not entitled to statutory tolling. Here, it is clear that Petitioner did not initiate any state court post-conviction actions until 2017 – twenty-one years after the limitations period expired in December 1998. The Court finds that, to the extent the limitations period began to run when Petitioner's conviction became final, the current federal petition filed two years later in 2019 is time-barred.

To the extent Petitioner's Eighth Amendment claim (the Second Claim) is premised on the Supreme Court's 2012 decision in Miller v. Alabama, 567 U.S. 460 (2012), which prohibits sentences of life without the possibility of parole for youth offenders, the current petition is still time-barred. As to this claim, the limitations period began to run when the constitutional right asserted was first recognized by the Supreme Court. See 28 U.S.C.

5

1  § 2244(d)(1)(C); see also Dodd v. United States, 545 U.S. 353 (2005).  Miller was decided in
2  2012.  Thus, the one-year limitations period would have expired in 2013.  As indicated above,
3  Petitioner did not commence any potentially tolling state court post-conviction actions until 2017,
4  and the current federal petition was not filed until 2019.  Thus, Petitioner's Eighth Amendment
5  claim is also late by approximately six years.

6  Petitioner also asserts claims based on state law, specifically under "Senate Bill
7  260" and "§ 3051.4801" (First Claim), and the "Juvenile Delinquency Act" (Third Claim).
8  Respondent raises no arguments related to the timeliness of these claims.

9  **C.   Cognizability of Claims**

10  Finally, Respondent argues the First Claim and Third Claim are non-cognizable
11  state law claims.  According to Respondent:

> Even assuming that Davis's request for federal relief is not successive and untimely, his state law claims are not cognizable in federal habeas. Davis asserts he has not received a meaningful opportunity for release as a youth offender under California law because the Board of Parole Hearings is not complying with California Penal Code sections 3051 and 4801. (Pet. at 4.) This claim is based on alleged errors of state law that are not cognizable in federal habeas. *Estelle v. McGuire*, 502 U.S. 62, 67-8 (1991) (it is not the province of federal habeas court to reexamine state-court determinations of state law questions). Davis's remaining claim is somewhat unclear. He asserts his due process rights were violated because the Board of Parole Hearings does not have "adequate information pertaining to petitioner life history (Juvenile Delinquency Act) to present to the judge for his or her discretion." (Pet. at 5.) In this claim, Davis cites to no clearly established federal law and refers to parole proceedings governed by state law. Thus, this claim is also not cognizable in federal habeas. *Estelle*, 502 U.S. at 62, 67-8. Nor may Davis convert his state law claim into federal claim by alleging that he has a due process right in the correct interpretation of state law. *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996). Accordingly, these claims should be dismissed.

ECF No. 16, pgs. 5-6.

24  The Court agrees.  Petitioner challenges in his First Claim that he is not being
25  afforded a meaningful opportunity for release under state law, and in his Third Claim that the
26  Board of Parole Hearings does not have access to relevant information under California's
27  Juvenile Delinquency Act.  Federal habeas relief is not available for claims based on state law.
28  See Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985); Gutierrez v. Griggs, 695 F.2d 1195,

1197 (9th Cir. 1983); Lincoln v. Sunn, 807 F.2d 805, 814 (9th Cir. 1987); Givens v. Housewright, 786 F.2d 1378, 1381 (9th Cir. 1986); Milton v. Wainwright, 407 U.S. 371, 377 (1972).  The First Claim and Third Claim are not cognizable and should be dismissed.

### III.  CONCLUSION

In summary, the Court finds it lacks jurisdiction over all claim raised because the current petition is second or successive of a prior federal petition which was decided on the merits and Petitioner has not obtained prior authorization from the Ninth Circuit Court of Appeals to file the current petition.  The Court also finds that Petitioner's Eighth Amendment claim (Second Claim) is time-barred.  Finally, the Court finds Petitioner's claims based on state law (First Claim and Third Claim) are not cognizable.

Based on the foregoing, the undersigned recommends that Respondent's motion to dismiss, ECF No. 16, be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 11, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE